IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**ANTHONY LEWIS JERDINE**                          **PETITIONER**

v.                            No. 3:20CV227-MPM-DAS

**WARDEN RAFAEL VERGARA, ET AL.**                   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Anthony Lewis Jerdine for a writ of *habeas corpus* under 28 U.S.C. § 2241and immediate release from custody based upon the compassionate release provision of 18 U.S.C. § 3582. Doc. 6. The Government has moved to dismiss the instant petition for want of subject matter jurisdiction. Mr. Jerdine has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition will be dismissed without prejudice for want of subject matter jurisdiction, and his request for compassionate release will be dismissed with prejudice.

***Habeas Corpus* Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on habeas corpus appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new habeas corpus procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about habeas corpus.

*Id.*

> Relief under § 2241 is available to a prisoner in five situations, when:
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c).

Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state judgment (such as pretrial detention, pretrial bond order, etc.), permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed.

969 (1915). Section 2241 also provides a remedy for federal prisoners in two instances, "(1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate." Section 2241, Federal Habeas Manual § 1:29.

## Discussion

In this case, Mr. Jerdine is not restrained within the jurisdiction of the Northern District of Mississippi. Instead, according to the Bureau of Prisons Inmate Locator, he is housed at USP Yazoo City in Yazoo City, MS, within the jurisdiction of the Southern District of Mississippi. See Exhibit A.[1] As such, the court does not have jurisdiction to entertain the petition for writ of *habeas corpus*, and the petition will be dismissed without prejudice.

In addition, an inmate seeking compassionate release under 18 U.S.C. § 3582 must do so in the district court that imposed the sentence. The petitioner was sentenced by the District Court for the Northern District of Ohio, Eastern Division. He has already sought the same relief multiple times there, and the sentencing court has denied relief. See Exhibit B. This court does not have jurisdiction to entertain Mr. Jerdine's current request for compassionate release, as it is not the court that imposed the sentence. As such, his request for compassionate release will be dismissed with prejudice under Fed. R. Civ. P. 12 (b)(1).

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 will be dismissed without prejudice. Mr. Jerdine's request for compassionate release

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the Government's Motion to Dismiss.

will be dismissed with prejudice. A final judgment consistent with this memorandum opinion will issue today.

    **SO ORDERED**, this, the 9th day of November, 2020.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI